

ORIGINAL

HARLAN Y. KIMURA  #3321-0
Central Pacific Plaza
220 South King Street, Suite 1660
Honolulu, Hawaii  96813
Telephone No. (808) 521-4134
Facsimile No. (808) 521-0361
E-mail:  hyk@aloha.net



Attorney for Defendant
SESALIO TEVAGA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>       Plaintiff,            )<br>                              )<br> vs.                          )<br>                              )<br> SESALIO TEVAGA,              )<br>                              )<br>       Defendant.            )<br>                              )<br>                              )<br>                              )<br>                              )<br> _____) | CR. NO. 03-00505 DAE<br><br>DEFENDANT SESALIO<br>TEVAGA'S SENTENCING<br>STATEMENT; EXHIBITS "A"<br>THROUGH "F"; CERTIFICATE<br>OF SERVICE<br><br>Date:  June 26, 2006<br>Time:  3:00 p.m.<br>Judge: David Alan Ezra |

DEFENDANT SESALIO TEVAGA'S
SENTENCING STATEMENT

Defendant SESALIO TEVAGA (hereinafter "Tevaga"), by and

through his counsel, HARLAN Y. KIMURA, respectfully submits this Sentencing

Statement regarding the factors to be considered in imposing his Sentence by the

Court pursuant to 18 U.S.C. § 3553(a).

I.   **NATURE AND CIRCUMSTANCES OF THE OFFENSE**

According to the Presentence Investigation Report prepared August 18, 2004, and revised on September 21, 2004 (hereinafter "PSR"), there was only a combined total of less than 0.25 gram of cocaine that Tevaga was attempting to distribute (i.e. Count I – 0.060 gram and Count 2 – 0.0180 gram). PSR at 3, ¶¶ 2-3. Consequently, the **Base Offense Level** for Tevaga's actions was only 12. Id. at 6, ¶ 25. With Tevaga's timely acceptance of responsibility, his **Total Offense Level** was reduced to 10. Id. at 7, ¶ 34.

II.   **HISTORY AND CHARACTERISTICS OF TEVAGA**

As indicated in Tevaga's Letter attached hereto as Exhibit "A" (hereinafter "Tevaga's Letter"), he was born in American Samoa and moved to Hawaii with his grandparents when he was only four (4) years old. Exhibit "A". Most of his life Tevaga was abused and he became very hateful of his abusive alcoholic father. Id. Understandably, Tevaga left home as soon as he graduated from Farrington High School without having the benefit of a stable childhood or a positive adult role model. As with many individuals experiencing such unpleasant childhood experiences and circumstances, Tevaga spent the next seven (7) years living on the streets on the "wrong side of the law." Id. However, since Tevaga is

not a violent person he did not commit any robberies or other crimes of violence. Id.

On November 14, 2003, Tevaga was brought to the Federal Detention Center of Honolulu (hereinafter "the FDC") pursuant to a Writ of Habeas Corpus Ad Prosequendum (hereinafter "State Writ") and has been there for the past 2 and ½ years. PSR at 3, ¶ 4. Although Tevaga will not receive any "credit" for these 2 and ½ years against whatever prison time to be imposed upon him for the instant offense, he has made very productive use of his time while at the FDC. For instance, Tevaga has taken GED Testing and Classes to improve he cogitative skills essential to prepare for a productive life in the community after completion of the sentence to be imposed in this case. See Exhibit "B" attached hereto and made a part hereof.

Tevaga has also earned a number of Certificates of Achievement or Recognition while at the FDC. See Exhibits "C" through "F" attached hereto and made a part hereof. In fact, Tevaga even completed a Fitness Class Instructor Program on November 14, 2005. Exhibit "E". Furthermore, in anticipation of someday becoming a parent, Tevaga secured a Certificate of Recognition for Outstanding Performance for the Active Parenting of Teens Adult Continuing Education Program. Exhibit "F".

3

## III.   NEED FOR SENTENCE TO ACCOMPLISH STATED GOALS

Assuming the Court stays within the Sentencing Guideline Range set forth in the PSR of 15 to 21 months (hereinafter "Range"), a term of fifteen (15) months imprisonment would adequately reflect the seriousness of the instant offense because it appropriately punishes Tevaga for distributing small quantities of "rock cocaine" at Swing Video.  PSR at 4, ¶ 11-13.  In fact, one could argue that Tevaga began serving his federal sentence for the instant offense on November 14, 2003 when he was first transferred to the FDC pursuant to the State Writ.  Therefore, even a 15-month sentence would effectively result in Tevaga spending almost four (4) years in federal custody (i.e. from November 14, 2003 to October of 2007) assuming the State of Hawaii releases jurisdiction over him this month.

Secondly, Tevaga will not engage in criminal activities again and the public need no longer be concerned with being protected from him.  As indicated in Tevaga's Letter, he has "truly thought about those actions and . . . feel[s] remorse toward[s] those people [he has] hurt and . . . realize[s] now the negative impact that [his] actions caused and regret[s] the moment [he] ever decided to be a part of the destruction of [our] community."  Exhibit "A".  Tevaga's goal now is to "one day correct all the wrong that's been done and restore pride and respect [for his family] name that may have been lost due to [his] actions."  Id.

## IV. CONCLUSION

Based upon all the above, Tevaga respectfully requests the Court to sentence him at the low end of the Range at 15 months because that would result in a "sentence sufficient, but not greater than necessary, to comply with the purposes of" 18 U.S.C. § 3553(a).

DATED at Honolulu, Hawaii, _____June 14, 2006_____.

HARLAN Y. KIMURA
Attorney for Defendant
SESALIO TEVAGA